IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HARVEY LEWIS                                                                                          PLAINTIFF
ADC #144681

v.                                          5:18cv00221-JM-JJV

VARNER UNIT, *et al*.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Harvey Lewis ("Plaintiff"), an inmate at the East Arkansas Unit of the Arkansas Department of Correction,[1] filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Defendant Gloria Price in her official and personal capacities alleging failure to protect. (*Id*. at 1.) Defendant Price has now filed a Motion for Summary Judgment. (Doc. Nos. 22-24.) Plaintiff has not responded and the time for doing so has passed; this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendant Price's Motion for Summary Judgment should be GRANTED and this case dismissed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the

---

[1] Plaintiff was in custody at the Varner Unit at the time of the alleged incident giving rise to this lawsuit. (*See* Doc. Nos. 1, 2.)

record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

#### A.   Official Capacity Claims

Plaintiff sued Defendant Price in both her personal and official capacities. (Doc. No. 2 at 1.) "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id.* Because Plaintiff has not alleged that any policy, practice, or custom was the moving force behind the alleged violation of his protected rights (Doc. No. 2), he has failed to state a claim for relief as to

his official capacity claims. I recommend Defendant Price's Motion for Summary Judgment (Doc. No. 22) be granted as to Plaintiff's official capacity claims.

### B.     Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

A failure to protect claim is composed of two elements. First, the claimant must demonstrate that his conditions of incarceration posed a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the claimant must demonstrate that the defendant prison official knew of and disregarded the risk to his safety. *Id.* at 837. The second prong requires a finding that the defendant was deliberately indifferent. *See Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (in analyzing failure to protect claims "the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety.") Deliberate indifference is akin to criminal recklessness. *See Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

According to Plaintiff's deposition testimony, on April 12, 2018, Plaintiff awoke being punched and choked by another inmate by the name of Jeremy Bonds. (Doc. No. 22-1 at 4, 5.) Plaintiff had known Bonds since approximately 2017 because the two had been in the same vo-tech class and had worked together. (*Id.* at 4, 6.) Before the April 12 fight, he never had a problem with Bonds, and Plaintiff testified that if Bonds was asked the same question, he would say the same thing. (*Id.* at 4, 6.) Bonds was not on Plaintiff's enemy alert list. (*Id.* at 6.) Plaintiff had not had any type of argument with Bonds in the past. (*Id.* at 7, 9-10.) Further, he never told Defendant Price about any problem with Bonds. (*Id.* at 9.)

Plaintiff testified that during the April 12 altercation he remembers being knocked out, regaining consciousness, and being knocked out again. (Doc. No. 22-1 at 12.) He claims Bonds had a shank, and the incident report reflects either Bonds or Plaintiff had an unidentified object in his hand. (Doc. No. 22-1 at 4; Doc. No. 22-2 at 2.) After the fight, Plaintiff did not speak to Defendant Price about the incident. (Doc. No. 22-1 at 12.)

Before the April 12 fight, Plaintiff did have an argument with one of Bonds's "OGs,"[2] Walter, though the two never fought physically; the argument apparently was over money Walter owed Plaintiff for cigarettes. (Doc. No. 22-1 at 7-8, 9.) After the argument, Walter asked to be moved to another barracks because of Plaintiff, and Plaintiff considered his disagreement with Walter finished as of the time Walter changed barracks. (*Id*. at 8, 15.) Plaintiff was not on Walter's enemy alert list. (*Id*.) And Plaintiff never told anyone about his argument with Walter. (*Id*. at 14.) Plaintiff believes Walter told someone about the argument but does not know if Walter told Defendant Price. (*Id*. at 14.) He also believes Walter told Bonds to "handle" the cigarette money situation with Plaintiff. (*Id*. at 9.) Plaintiff was surprised when he allegedly learned Walter sent Bonds to beat him up. (Doc. No. 22-1 at 15-16.) During the fight, Bonds did not mention Walter. (*Id*. at 16.)

Plaintiff maintains Defendant Price "neglected to do her job" and failed to protect him from the fight with or attack by Bonds. (*Id*. at 11.) According to Plaintiff, Defendant Price allowed Bonds in an area—Plaintiff's barracks—where Bonds did not belong, and Defendant Price allegedly did not do a pat down on Bonds. (*Id*. at 11.) Further, Plaintiff maintains Defendant Price was in the hallway when the fight happened but did not do anything to split it up. (*Id*.)

The Court of Appeals for the Eighth Circuit has repeatedly held that a surprise attack by a fellow inmate fails to satisfy the failure to protect analysis. *See, for example, Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018). Plaintiff's deposition testimony set out above establishes that he did not expect an attack by Bonds on his own accord or at Walter's direction. To the extent Plaintiff alleges Defendant Price negligently performed her job, allegations of even gross negligence are insufficient to state a claim under § 1983. *See Id*. at 849. And Plaintiff's assertion that Defendant

---

[2] Original gangster.

6

Price failed to follow prison policy does not state a constitutional claim. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Plaintiff also alleges Defendant Price failed to intervene. Considering all evidence in the light most favorable to Plaintiff, he has not established that Defendant Price had a duty to do so. *See Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989) ("prison guards have no constitutional duty to intervene in the armed assault of one inmate upon other when the intervention would place the guards in danger of physical harm.") Here, a shank apparently was involved in the altercation and, according to Plaintiff, Bonds was a large man, weighing approximately 300 pounds, "a linebacker dude." (Doc. No. 22-1 at 4.) Further, another inmate joined in the scuffle to some degree and was swinging a cane at Plaintiff. (*Id*. at 5.) Intervening in such circumstances would place a guard in danger of physical harm. The police were called and came and put Plaintiff in cuffs. (*Id*.)

Plaintiff has not come forward with evidence establishing Defendant Price's indifference. According to Plaintiff's deposition testimony, no one, not even Plaintiff, expected the fight with Bonds—whether Walter asked Bonds to "handle" Plaintiff or not. Accordingly, Defendant Price is entitled to qualified immunity and her Motion for Summary Judgment should be granted on Plaintiff's § 1983 claims. Because I recommend summary judgment be entered in Defendant Price's favor on Plaintiff's § 1983 claims, I further recommend the Court decline to exercise jurisdiction over any state law claims he made. 28 U.S.C. § 1367(c)(3).

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Price's Motion for Summary Judgment (Doc. No. 22) be GRANTED.

2. Plaintiff's 42 U.S.C. § 1983 claims be DISMISSED with prejudice.

3. The Court decline to exercise jurisdiction over any state law claims.

4.	This case be DISMISSED.

5.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE